IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAROLINA CASUALTY INSURANCE )
COMPANY, )
 )
        Plaintiff, )
 )
  v. ) No. 12 C 6838
 )
ABS FREIGHT TRANSPORTATION, )
INC., et al., )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

This Court has received, and has waded part way through, the needlessly bulky responsive pleading filed by Great American Insurance Group ("Great American") to the Complaint for Declaratory Judgment filed by Carolina Casualty Insurance Company ("Carolina Casualty") against Great American and four other defendants. Great American's pleading comprises an Answer to the Complaint plus a Counterclaim and Crossclaim for declaratory judgment. Its problematic nature, much of which has the appearance of a document drafted by someone who charges by the word, has occasioned this sua sponte memorandum order.

As suggested by the preceding paragraph, this Court has decided that the prolix nature of Great American's pleading does not justify the expenditure of time needed to provide a chapter-and-verse identification of matters that need correction throughout that pleading. Accordingly what follows should suffice to provide enough examples so that Great American's

counsel can do a complete overhaul on returning to the drawing board.

First, when the labored responses to such allegations as those in Complaint ¶¶1, 2 and 3 are reviewed, it seems clear that each of Carolina Casualty's assertions there could and should have been met with a single simple sentence admitting those allegation. And that same criticism applies later as well (see, e.g., the responses to Complaint ¶¶11 and 14).[1]

Other aspects of the response to Complaint ¶11 are troublesome as well. First, in the notice pleading regime that is incumbent on defendants as well as plaintiffs in federal practice, it is just wrong to say that a legal conclusion does not require a response--see, e.g., App'x ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). And in the same response paragraph, for counsel to characterize a statute or any other document by saying that it "speaks for itself," rather than answering the allegation as to the content of that statute or document, is really unsatisfactory--see App'x ¶3 to <u>State Farm</u>.

This memorandum order's n.1 has already referred to the

---

[1] Indeed, it is difficult to reconcile the acknowledgment in the response to Complaint ¶15 that admits the existence of subject matter jurisdiction with all of the hedging language in the responses to earlier paragraphs. Even in that respect, the notion that the admission just mentioned should be stated "on information and belief"--another hedge--seems absurd.

response to Complaint ¶15. But there is another aspect of that response that calls for comment. It ends with another kind of hedge:

> Except as expressly admitted, all other allegations set forth in paragraph 15 are denied.

That type of hedge should really be avoided, given the purpose of notice pleading to apprise a reader (certainly including opposing counsel and the judge assigned to the case) as to just what is being denied--this Court views a fair reading of Fed. R. Civ. P. ("Rule") 8(b)(4) as calling for more precision. Even worse, in this specific instance there <u>are</u> no other allegations in Complaint ¶15, so that the purported denial is totally meaningless.

Great American's counsel is also among the lawyers who purport to advance Rule 8(b)(5) disclaimers but seem not to have understood that Rule--as the responses to Complaint ¶¶16 and 17 reveal, the invocation of that provision (which gives the pleader the benefit of a deemed denial of an allegation) is followed by an outright denial. That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the purported denial would have to be stricken wherever it appears in the Answer.

Enough said, not because that is the end of the story but

rather because the burden should be on the pleader to clean up his act, rather than requiring this Court to cull through a turgid document such as that involved here. Great American's counsel will be expected to go through task of repleading in a more responsible fashion (in that respect, counsel might want to look at the entire Appendix to <u>State Farm</u> to see whether any of its other aspects apply to his Answer).

This Court eschews any comment as to Great American's Counterclaim and Crossclaim, a subject for consideration by its adversaries in that pleading. Instead only the existing Answer is stricken, but with leave granted of course to file a self-contained Amended Answer on or before October 15, 2012.

One item remains. When this Court has occasion to address responsive pleadings sua sponte in a manner that calls for repleading, it most frequently orders that no charge be made to the client for the time and expense involved in the do-over. In this instance, however, the appropriate modest sanction appears to call for no charge being made for the original work product, because less time and effort should presumably be involved in doing the job the second time around. Lastly, Great American's counsel are ordered to apprise their client to that effect by a letter accompanied by a copy of this opinion, with a copy of that letter to be transmitted to this Court's chambers as an

4

informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 4, 2012